UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFREY T. MCGRATH,<br><br>Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | CASE NO. C17-5297 RJB<br><br>ORDER REVERSING DECISION AND REMANDING CASE |

This matter comes before the Court on review of the file herein.

**Procedural History.** On April 20, 2017, Plaintiff filed this civil action, alleging that the Social Security Administration improperly denied his application for disability insurance when the ALJ: (1) failed to properly consider the medical evidence, including the opinions of Jack M. Litman, Ph.D., Amanda J. Ragonesi, Psy.D., Kristin Tand, LMHC, Eugene Krebsbach, M.D., and others; (2) failed to evaluate Plaintiff's testimony; (3) did not accurately assess the lay evidence; (4) failed to properly determine Plaintiff's residual functional capacity ("RFC"); and (5) did not meet the burden of showing that there were other jobs in the national economy that Plaintiff could perform. Dkt. 13. Plaintiff argues that the Court should reverse the ALJ's decision and award him benefits. *Id.* The Commissioner concedes that the ALJ did not properly

consider all the medical evidence, and so failed to properly assess Plaintiff's RFC or show that Plaintiff could perform other jobs existing in significant numbers in the national economy. Dkt. 17. The Commissioner asserts that the credibility determination and assessment of "lay witness" testimony was not in error. *Id.* She maintains that the case should be remanded for further proceedings because there are conflicts in the medical record that need to be resolved before a decision on an award of benefits is possible. *Id.*

**Basic Data.** Born in 1962, Plaintiff has prior work experience as an injection molder, production operator, and carpenter. Tr. 19. He has at least a high school education. *Id.*

**ALJ Decision**. The ALJ found: (1) that Plaintiff met the insured status requirements of the Social Security Act; (2) that Plaintiff had not engaged in substantial gainful activity since March 31, 2012, the amended alleged onset date; (3) that Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease with radiculopathy, headaches, chronic obstructive pulmonary disease ("COPD"), post-traumatic stress disorder ("PTSD"), and depression; that the impairments, even in combination, did not qualify under the Listings; (4) that the Plaintiff has the residual functional capacity:

> . . . to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional limitations: the claimant can lift/carry 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and walk for 6 hours each in an 8 hour workday. The claimant can climb ladders and scaffolds frequently. He should avoid dusts, fumes, gases. He is limited to moderate noise levels. The claimant can perform work involving simple, routine and repetitive tasks and simple work-related decisions. He can interact with the public occasionally.

that he has no past relevant work; and lastly, (5) that Plaintiff could perform other work existing in the national economy, such as an assembler, produce sorter, and laundry folder. Tr. 11-20. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id*.

**Legal Standard.** The findings of the Commissioner of the Social Security Administration are conclusive (42 U.S.C. § 405(g)), and the decision of the Commissioner to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990).

## DISCUSSION

Plaintiff asserts that this case should be remanded for an immediate award of benefits (Dkts. 13 and 18) and the Commissioner maintains it should be remanded for further proceedings (Dkt. 17).

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017)(*as amended on* January 25, 2018). Where an ALJ improperly rejects a medical opinion or a claimant's pain testimony as incredible "without providing legally sufficient reasons, the reviewing court may grant a direct award of benefits when certain conditions are met. The three-part analysis for such conditions is known as the "credit-as-true" rule." *Id.*

First, the court considers whether "the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, whether claimant testimony or medical opinion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014)(*internal citations and quotation marks omitted*). Second, if the ALJ erred, the court determines "whether there are outstanding issues that must be resolved before a determination of disability can be made and whether further administrative proceedings would be useful." *Id.,* at 1101 (*internal citations and quotation marks omitted*). Third, if no outstanding issues remain and further proceedings would not be useful, the court may apply the credit as true rule, "finding the relevant testimony credible as a

matter of law," and then determine "whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Id.* (*internal citations and quotation marks omitted*).

When all three elements of the credit-as-true rule are satisfied, a case raises the rare circumstances that allow a court to exercise discretion to depart from the ordinary remand rule. *Treichler*, at 1101. Even when those "rare circumstances are present, the decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id.,* at 1101-02 (*citing Harman v. Apfel*, 211 F.3d at 1178 (holding that the exercise of authority to remand for benefits "was intended to be discretionary and should be reviewed for abuse of discretion")).

**Part One – Has the ALJ Failed to Properly Assess the Medical Evidence, the Claimant's Testimony, and the Lay Witness Testimony?**

**Assessment of Medical Evidence**. The Commissioner concedes that the ALJ erred in the treatment of the medical evidence. Dkt. 17.

**Assessment of Plaintiff's Testimony**. Under 42 U.S.C. § 423 (d)(5)(A), the "ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible." *Treichler,* at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* Second, if the claimant produces that evidence, "and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Id.* (*internal citations and quotation marks omitted*).

As to the Plaintiff's credibility, the ALJ states that his "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the

claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." Tr. 16, at 7.

Under 20 C.F.R. § 404.1529 (c)(1), in evaluating the intensity and persistence of the Plaintiff's symptoms, the ALJ was "to consider all of the available evidence from [Plaintiff's] medical sources and nonmedical sources about how [his] symptoms affect[ed] [him]." The ALJ failed to properly consider all the medical evidence, and so his assessment of Plaintiff's credibility regarding the intensity, persistence and limiting effects of his symptoms was in error.

Further, the ALJ did not fully credit Plaintiff's testimony regarding the severity of his back pain or headaches. The ALJ summarized some, but not all, of the medical evidence related to these issues, including the findings that Plaintiff has mild lumbar spine degenerative disc disease with radiculopathy and chronic headaches. Tr. 16. The ALJ then limited Plaintiff to light work due to his back issues and limited him to moderate noise levels to avoid exacerbating his headache symptoms. Tr. 16. The ALJ did not provide "specific, clear and convincing reasons for rejecting" the Plaintiff's testimony regarding the severity of his symptoms from his back issues or his headaches. *Treichler,* at 1102. This was an error. A claimant is not required to show that impairment could reasonably be expected to cause the severity of the symptom they have alleged; they need only show that it could reasonably have caused some degree of the symptom. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014).

The ALJ further found that the Plaintiff's testimony not fully believable regarding the severity and limitations from his depression and PTSD because "the record reflects significant gaps in the claimant's history of treatment," he took his medication on a "sporadic basis," has "never sought or received treatment from a specialist, such as a psychiatrist," and the treatment has been "routine and/or conservative." Tr. 16-17.

These are not sufficient basis to reject Plaintiff's testimony regarding his mental health symptoms and limitations. Those with mental illnesses "often do not recognize that their condition." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). It is, then "a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation," *Id.* (*internal citations omitted*), including gaps in treatment, taking medication sporadically, or seeking treatment from a specialists. Further, the ALJ offers no explanation that the mental health treatment Plaintiff has received has been "routine and/or conservative." The ALJ did not properly assess Plaintiff's testimony regarding his mental impairments.

The ALJ rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of all his symptoms because they were inconsistent with his activities of daily living. Tr. 17. The ALJ noted that:

> The claimant reported that he does gardening, housecleaning and laundry, but needs to take breaks at times. The claimant did yard work for an elderly friend. He indicated that he was able to use public transportation. The claimant reported that he spent time with others once or twice a week. The claimant went camping with friends. The claimant indicated that he enjoyed woodworking. The claimant reported that he was doing a lot of walking and biking.

Tr. 17. The Ninth Circuit has repeatedly warned that "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, at 1016. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Particularly where the ALJ has failed to properly assess all the medical

evidence, his rejection of Plaintiff's symptom testimony, based in part on his activities of daily living, was in error.

**Assessment of Lay Witness Testimony**. "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). "[I]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." *Id.* (*internal citation and quotation marks omitted*).

The Plaintiff asserts that on "May 31, 2011, SSA Interviewer A. Beckham observed that McGrath (1) had difficulty concentrating; (2) had poor grooming; and (3) 'was very talkative and insistent upon providing details that were unrelated and unnecessary to the appeal.'" Dkt. 13, at 16 (*quoting* Tr. 378).

While the ALJ does not discuss this portion of the record, it is not clear that this evidence is "lay witness testimony." The Plaintiff fails to cite to any authority that it should be considered as such. Further, it is neither "significant nor probative." An ALJ "is not required to discuss evidence that is neither significant nor probative." *Howard ex re. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003)(*internal citations omitted*). Accordingly, further discussion of this portion of the record is unnecessary and will not be assessed below.

**Part Two – Are There Outstanding Issues Regarding the Medical Evidence or Plaintiff's Testimony to Resolve before a Decision?**

"Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Treichler,* at 1101 (*internal citations and quotation marks omitted*). Where there is conflicting evidence, and not all

essential factual issues have been resolved, a remand for an award of benefits is inappropriate. *Id.*

This case should be remanded for further administrative proceedings. There are conflicts and ambiguities in the medical evidence. The Commissioner acknowledges that the ALJ failed to properly consider the opinions of Eugene Krebsbach, M.D., Amanda J. Ragonesi, Psy.D., or mental health counselor intern Jean Miller, (co-signed by her supervisor Kristin Tand, LMHC). Dkt. 17. Dr. Krebsbach's opinions are, in part, contradicted by Derek Leinenbach, M.D. Dr. Ragonesi and intern Miller's opinions are also partially contradicted by the opinions of Dan Donahue, Ph.D. Further administrative proceedings are needed because the record is not fully developed and there are conflicts and ambiguities in the medical evidence. Further, Plaintiff's testimony should be reassessed after the full analysis of the all the medical evidence. Additional testimony regarding Plaintiff's activities of daily living may be helpful to determine whether they exceed his alleged limitations. "[P]resentation of further evidence may well prove enlightening in light of the passage of time." *Treichler,* at 1101 (*internal citations and quotation marks omitted*). Further administrative proceedings would be useful and are necessary.

**Part Three – If the First Two Parts Are Met and the Medical Evidence and Testimony is Credited as True, Does the Record "Leave Not the Slightest Uncertainty as to Outcome?"**

Only when the first two parts are met (the ALJ erred and no further administrative proceedings would be useful), then the court should determine "whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Leon*, at 1044 (*internal citation and quotation marks omitted*).

The second part of the test for a remand for an immediate award of benefits was not met – there is conflicting evidence in the record and additional factual development is necessary – so

further administrative proceedings are necessary.  Accordingly, the court need not reach whether the "record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Leon*, at 1044 (*internal citation and quotation marks omitted*).  Courts "have frequently exercised . . . discretion to remand for further proceedings, rather than for benefits." *Treichler,* at 1102.  The undersigned will do the same.

**Other Errors Not Harmless**.  The ALJ failed to properly assess the medical evidence, and as a consequence, it is unclear whether the assessment of Plaintiff's residual functional capacity and the questions to the vocational expert accurately reflected all Plaintiff's limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).  Accordingly, the Commissioner failed to meet the burden of showing that there were other jobs in the national economy that Plaintiff could perform on a regular and sustained basis in light of his residual functional capacity.  The Commissioner has failed to carry her burden at step five.

**Conclusion.**  The matter should be remanded to the Commissioner for reassessment of the medical evidence, reassessment of Plaintiff's credibility, and for further proceedings consistent with this opinion.

Accordingly, it is hereby **ORDERED** that:

- The Commissioner's decision is **REVERSED** and the case is **REMANDED** for reassessment of the medical evidence, reassessment of Plaintiff's credibility, and for further proceedings consistent with this opinion**.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of February, 2018.

_Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge